UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHINA COCHRAN,

           Plaintiff,

v.

COUNTY OF WAYNE, *et al*.,

           Defendants.

_____/

Civil Action No. 24-12217

Hon. David R. Grand[1]
United States Magistrate Judge

**ORDER GRANTING IN PART PLAINTIFF'S RENEWED MOTION TO COMPEL DISCOVERY AND SEEKING DISCOVERY SANCTIONS (ECF No. 28) AND GRANTING PLAINTIFF'S MOTION TO QUASH SUBPOENA AND FOR ENTRY OFA PROTECTIVE ORDER (ECF No. 34)**

On August 23, 2024, plaintiff China Cochran ("Cochran") filed this action against Wayne County and Stephen Grady, the County's Deputy Chief of Staff (collectively, "Defendants"), alleging claims under Title VII of the Civil Rights Act of 1964 and the Family Medical Leave Act.  (ECF No. 1).

Now pending before the Court are two motions filed by Cochran: (1) a Renewed Motion to Compel Discovery and Seeking Discovery Sanctions (ECF No. 28); and (2) a Motion to Quash Subpoena and for Entry of Protective Order (ECF No. 34).  Defendants filed responses in opposition to both motions (ECF Nos. 29, 36), and Cochran filed replies (ECF Nos. 30, 37).  Oral argument was held on both motions on February 19, 2026.

**Cochran's Renewed Motion to Compel (ECF No. 28)**

On September 24, 2025, this Court entered an Order Granting in Part and Denying

_____

[1] The parties have consented to my authority pursuant to 28 U.S.C. § 636(c).  (ECF No. 11).

in Part Plaintiff's Motion to Compel Discovery Responses.  (ECF No. 26).  In that order, the Court explicitly ordered Defendants to supplement their responses to Interrogatory Nos. 2 and 3, as well as Request for Production No. 6.  (*Id.*).  On September 29, 2025, Defendants did so; Cochran maintains, however, that Defendants' second supplemental responses to Interrogatory Nos. 2 and 3 are still inadequate.  (ECF No. 28).

For the detailed reasons set forth on the record, the Court agrees – at least as to Interrogatory No. 2 at this juncture.  Consequently, **IT IS HEREBY ORDERED** that Defendants shall again supplement their response to Interrogatory No. 2.  That interrogatory states as follows:

> 2.    Please identify the reason(s) why Plaintiff was suspended and/or terminated.  Please address the reason for Plaintiff's termination while including the following information:
>
> a.    State the date and time of any alleged conduct by each Plaintiff in which Defendants claim it relied on to terminate Plaintiff.
>
> b.    Describe the alleged conduct by Plaintiff which Defendants claim they relied on to terminate Plaintiff.
>
> c.    State the date and time that Defendants notified Plaintiff of her termination.
>
> d.    Identify any witnesses to any alleged conduct by Plaintiff which Defendants claim to have relied on to terminate Plaintiff.
>
> e.    Provide all documents related to your response, and referenced by you in response, to this question.

(ECF No. 28-3, PageID.863-64).  As the Court indicated on the record at today's hearing, Defendants' supplemental response to this interrogatory was insufficient.  That response stated, in relevant part:

2

> Defendants state in Response to Interrogatory No. 2 that under Michigan law, an at-will employment relationship may be terminated by either the employer or the employee at any time, with or without cause, and with or without notice, absent a specific contractual or statutory restriction (which are not at issue here).  Consistent with this doctrine, Defendants were not required to – and did not – rely upon any particular reason for the termination of Plaintiff's employment.
>
> Answering further, Assad I. Turfe, at the recommendation of Defendant Stephen Grady, elected to end the at-will employment relationship because he could. . . .

(*Id.*, PageID.864).

As the Court indicated on the record, Defendants' second supplemental response to Interrogatory No. 2 still does not answer the fundamental question posed – namely, "***why*** Plaintiff was suspended and/or terminated."  (*Id.*, PageID.863) (emphasis added).  Thus, on or before **February 26, 2026**, Defendants shall fully, completely, and honestly supplement their response to Interrogatory No. 2, ***including all of its subparts***.  As explained by the Court at oral argument, and as further clarified herein, because Defendants aver that Turfe "elected to end the at-will employment relationship" of plaintiff "at the recommendation of Defendant Stephen Grady," a complete answer to Interrogatory No. 2 must state ***any and all reasons why Grady made that recommendation***.

In all other respects, including with respect to the necessity of supplementing Defendants' response to Interrogatory No. 3, as well as the imposition of sanctions, Cochran's motion is taken under advisement and will be addressed following the telephonic status/scheduling conference discussed below.

### Cochran's Moton to Quash and for Entry of Protective Order (ECF No. 34)

For the detailed reasons set forth on the record, **IT IS ORDERED** that Cochran's

3

Motion to Quash Subpoena and for Entry of a Protective Order **(ECF No. 34)** is **GRANTED**.

### Telephonic Status/Scheduling Conference

Given the delays in the case occasioned by the discovery issues addressed herein, and as discussed on the record, the Court will hold a telephonic status/scheduling conference on **March 4, 2026, at 10:00 a.m.** to discuss Defendants' compliance with this Order and necessary modifications to the discovery and dispositive motion cutoff dates. A separate notice with dial-in information will be issued to that effect.

**IT IS SO ORDERED**.

Dated: February 20, 2026                  s/David R. Grand
Ann Arbor, Michigan                       DAVID R. GRAND
                                          United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 20, 2026.

                                          s/Julie Owens
                                          JULIE OWENS
                                          Case Manager

4